UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:25-cv-00271 MWC (SKx)                                             Date: June 24, 2025

Title   California Policy Center, Inc. v. Lilia Garcia-Brower *et al.*

Present: The Honorable:   Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order GRANTING WITH LEAVE TO AMEND Defendant's motion to dismiss (Dkt. 34) and VACATING Plaintiff's motion for preliminary injunction (Dkt. 11)**

Before the Court is a motion to dismiss filed by Lilia Garcia-Brower ("Defendant"), in her official capacity as the Labor Commissioner in the Division of Labor Standards Enforcement of the California Department of Industrial Relations.  Dkt. # 34 ("*Mot*").  Plaintiff California Policy Center, Inc. opposed, Dkt. # 36 ("*Opp.*"), and Defendant replied, Dkt. # 39 ("*Reply*").  The Court finds the matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers, the Court **GRANTS WITH LEAVE TO AMEND** Defendant's motion to dismiss and further **VACATES** Plaintiff's motion for preliminary injunction.

I.   Background

   A.   The California Worker Freedom from Employer Intimidation Act

The California Legislature enacted Senate Bill 399, which became effective January 1, 2025 and codified as Cal. Lab. Code § 1137, also known as the "California Worker Freedom from Employer Intimidation Act" (the "Act").  Cal. Lab. Code § 1137.  Under the Act, an employer "shall not subject, or threaten to subject, an employee to discharge, discrimination, retaliation, or any other adverse action because the employee declines to attend an employer-sponsored meeting or affirmatively declines to participate in, receive, or listen to any communications with the employer or its agents or representatives, the purpose of which is to communicate the employer's opinion about

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00271 MWC (SKx)                                        Date: June 24, 2025

Title   <u>California Policy Center, Inc. v. Lilia Garcia-Brower *et al*.</u>

religious or political matters." *Id.* § 1137(c). The Act defines "political matters" as "matters relating to elections for political office, political parties, legislation, regulation, and the decision to join or support any political party or political or labor organization." *Id.* § 1137(b)(3). The Act defines "religious matters" as "matters relating to religious affiliation and practice or the decision to join or support any religious organization or association." *Id.* § 1137(b)(4).

The Act's prohibition is subject to a handful of exceptions. The Act does not prohibit any of the following:

> (1) An employer from communicating to its employees any information that the employer is required by law to communicate, but only to the extent of that legal requirement;
> (2) An employer from communicating to its employees any information that is necessary for those employees to perform their job duties;
> (3) An institution of higher education, or any agent, representative, or designee of that institution, from meeting with or participating in any communications with its employees that are part of coursework, any symposia, or an academic program at that institution; [or]
> (4) An employer that is a public entity from communicating to its employees any information related to a policy of the public entity or any law or regulation that the public entity is responsible for administering.

*Id.* § 1137(g). The Act exempts the following: (1) religious entities exempt under Title VII requiring "employees who perform work connected with the activities undertaken by" the religious entity to attend a meeting involving the religious employer's "speech on religious matters;" (2) "[a] political organization or party requiring its employees to attend an employer-sponsored meeting or to participate in any communications . . . the purpose of which is to communicate the employer's political tenants or purposes;" (3) "[a]n educational institution requiring a student or instructor to attend lectures on political or religious matters that are part of the regular coursework at the institution;" (4) "[a] nonprofit, tax-exempt training program requiring a student or instructor to attend classroom instruction, complete fieldwork, or perform community service hours on political or religious matters as it relates to the mission of the training program or sponsor;" (5) "[a]n employer requiring employees to undergo training to comply with the employer's legal obligations, including obligations under civil rights laws and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00271 MWC (SKx)                                          Date: June 24, 2025

Title   California Policy Center, Inc. v. Lilia Garcia-Brower *et al.*

occupational safety and health laws;" and (6) "[a] public employer holding a new employee orientation" required under state law.  *Id.* § 1137(h)(1)–(4), (h)(6).

The California Labor Commissioner is authorized to enforce the Act, "including by investigating an alleged violation, and ordering appropriate temporary relief to mitigate a violation or maintain the status quo pending the completion of a full investigation or hearing."  *Id.* § 1137(e).  Additionally, "any employee who has suffered a violation" may bring a civil action for damages related to any adverse action taken in violation of the Act.  *Id.* § 1137(f)(1).

    B.    <u>The Instant Action</u>

        *i.*    *Factual Background*

Plaintiff is a 501(c)(3) nonprofit organization incorporated in California, with its office in Tustin, California.  Dkt. # 1 ("*Compl.*"), ¶ 10.  Plaintiff is a "research organization that publishes policy research and trains local elected officials on a variety of political topics, including education reform, workplace freedom, government transparency, and constitutional governance."  *Id.* ¶ 30.  Until the Act took effect, Plaintiff held mandatory staff meetings every week, except holidays, for all staff, with no exceptions made for job title or position.  *Id.* ¶ 31.  Plaintiff also has regularly scheduled meetings and holds strategy meetings scheduled as needed that are mandatory for certain staff.  *Id.* ¶ 32.  Additionally, Plaintiff held all-staff retreats that required all staff to attend.  *Id.* ¶ 33.  At those meetings and retreats, Plaintiff discussed, among other things:

> [T]opics such as government financing at the state and local level, legislation that has been proposed or enacted at the state and local level, activities of labor unions in California to restrict worker rights, the rights of public sector workers to opt out of paying union dues, political choices involving infrastructure for water and power, compensation and pensions paid to public employees, legislation relating to free speech, policy failures by California political leadership, and policy solutions that would lead to individual liberty and prosperity in California.

*Id.* ¶ 34.  Plaintiff asserts that it is important for its functioning to communicate about political matters—including discussions of legislation and regulations—with its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-00271 MWC (SKx)                                        Date: June 24, 2025

Title     California Policy Center, Inc. v. Lilia Garcia-Brower *et al.*

employees and ensure that their employees listen to such communications, which is done efficiently by holding mandatory meetings.  *Id.* ¶ 36.  Plaintiff's position is that its speech neither qualifies for an exception nor exemption, but that it remains important to its functioning to discuss "its work with all its employees . . . [to] improve staff morale and team cohesion and enable staffers not working on a specific policy-related matter to express their ideas or new perspective on that matter."  *Id.* ¶¶ 37–38.  Out of fear of enforcement of the Act against it, Plaintiff no longer holds its mandatory meetings and retreats.  *Id.* ¶ 39.

        *ii.*     *Procedural Background*

On February 11, 2025, Plaintiff initiated this action against Defendant, asserting that Defendant has violated Plaintiff's First Amendment right.  *See id.*  On February 21, 2025, Plaintiff filed its motion for a preliminary injunction to prevent Defendant from enforcing the Act's restriction on employer speech.  Dkt. # 11.  Defendant opposed the motion for a preliminary injunction.  Dkt. # 18.  Additionally, an amicus brief was filed in opposition to the motion for a preliminary injunction by the California Federation of Labor Unions, California Coalition for Worker Power, California Rural Legal Assistance Foundation, California Employment Lawyers Association, Warehouse Workers Resource Center, and Equal Rights Advocates.  Dkt. # 20.  The Court held a hearing on Plaintiff's motion for preliminary injunction on April 18, 2025, and requested supplemental briefing with a hearing set for July 11, 2025.  Dkt. # 23.  On June 5, 2025, Defendant filed the instant motion to dismiss.  *See Mot.*  On June 18, 2025, the Court continued the hearing on the motion for a preliminary injunction to August 8, 2025.  Dkt. # 38.

II.  Discussion

Defendant moves to dismiss Plaintiff's complaint on three grounds: (1) Plaintiff lacks standing; (2) Plaintiff's challenge is not ripe; and (3) Plaintiff fails to state a claim.  *See Mot.*  For the reasons set forth below, the Court finds that Plaintiff lacks standing and that its challenge lacks ripeness, and thus refrains from discussing whether Plaintiff adequately states a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00271 MWC (SKx)                                        Date: June 24, 2025

Title    California Policy Center, Inc. v. Lilia Garcia-Brower *et al.*

    A.    <u>Legal Standard</u>

        *i.*    *Standing*

    Federal courts are courts of limited jurisdiction and possess only the power authorized by federal statute and Article III of the United States Constitution.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Thus, federal courts cannot consider claims for which they lack subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

    The plaintiff bears the burden of establishing that subject matter jurisdiction exists.  *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).  Federal Rule of Civil Procedure ("Rule") 12(b)(1) permits a party to assert the defense of "lack of subject-matter jurisdiction" at any time.  *See Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment."); *see also* Fed. R. Civ. P. 12(h)(1) (providing that certain Rule 12(b) defenses can be waived but excluding lack of subject matter jurisdiction).  Notably, a Rule 12(b)(1) jurisdictional attack may be facial or factual.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a facial attack, the challenger asserts that the complaint's allegations are insufficient on their face to invoke federal jurisdiction.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.  *See id.*

    A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit."  *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (citation omitted).  The "irreducible constitutional minimum" of Article III standing has three elements: (1) the plaintiff must have suffered an "injury in fact," meaning a concrete and particularized injury that is actual or imminent; (2) the injury must be causally related to the defendant's challenged actions; and (3) it must be "likely" that the injury will be "redressed by a favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted); *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:25-cv-00271 MWC (SKx)                                                    Date: June 24, 2025

Title       California Policy Center, Inc. v. Lilia Garcia-Brower *et al.*

        *ii.*    *Ripeness*

"The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (citation omitted). "'[T]hrough avoidance of premature adjudication,' the ripeness doctrine prevents courts from becoming entangled in 'abstract disagreements.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010) (alteration in original) (citation omitted).

The ripeness doctrine has both constitutional and prudential components. *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). The constitutional component overlaps with the analysis of "injury in fact" for Article III standing and considers whether "the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Wolfson*, 616 F.3d at 1058 (quoting *Thomas*, 220 F.3d at 1138–39); *see also Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1153 (9th Cir. 2017). The prudential ripeness inquiry is "guided by two overarching considerations: the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Bishop Paiute Tribe*, 863 F.3d at 1154 (internal quotation marks omitted) (quoting *Thomas*, 220 F.3d at 1141).

Where a plaintiff seeks to challenge a statute prior to enforcement, "there must be 'a *genuine* threat of *imminent* prosecution.'" *Clark v. City of Seattle*, 899 F.3d 802, 813 (9th Cir. 2018) (quoting *Bishop Paiute Tribe*, 863 F.3d at 1154). To determine whether a plaintiff has established such a threat, a court considers: "[1] whether the plaintiffs have articulated a concrete plan to violate the law in question, [2] whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and [3] the history of past prosecution or enforcement under the challenged statute." *Id.* (quoting *Bishop Paiute Tribe*, 863 F.3d at 1154).

    B.    <u>Analysis</u>

Defendant argues that Plaintiff does not have standing—and that its challenge is otherwise not ripe—because it has not established an injury-in-fact as (1) Plaintiff has not alleged an intent to engage in conduct proscribed by the Act, and (2) there is no credible threat of prosecution. *Mot.* 6:11–13. Defendant points to the Act's political-organization exemption and the "necessary" job-related communication exception. *Id.* 7:1–10:2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00271 MWC (SKx) _____   Date: June 24, 2025

Title   California Policy Center, Inc. v. Lilia Garcia-Brower *et al.*

Plaintiff counters that (1) it is not an exempted political organization under the Act, and (2) its past and desired future communications is not necessary for each employee to perform their job duties. *Opp.* 2:14–9:12. Plaintiff further contends that it indeed faces a credible threat of enforcement of the Act against it. *Id.* 9:13–11:9. As discussed below, the Court finds that Plaintiff lacks standing because of the political-organization exemption and any challenge related to topics that are not pertinent to Plaintiff's tenets or purposes are not ripe for review.

The Act exempts a "political organization" that "requir[es] its employees to attend an employer-sponsored meeting or to participate in any communications with the employer . . . the purpose of which is to communicate the employer's political tenets or purposes." Cal. Labor Code § 1137(h)(2). Neither the Act nor the Labor Code includes a specific definition of "political organization." In the absence of a specific statutory definition, the Court may "turn to dictionaries to look for a word's usual, ordinary meaning," *Reynosa v. Superior Ct.*, 101 Cal. App. 5th 967, 986 (2024) (internal quotation marks and citation omitted), "while construing them in light of the statute as a whole and the statute's purpose," *People v. Blackburn*, 61 Cal. 4th 1113, 1123 (2015) (citation omitted). *See also Animal Legal Def. Fund v. LT Napa Partners LLC*, 234 Cal. App. 4th 1270, 1285 (2015) ("If terms used in a statute 'are not specifically defined, a court may also consider evidence of legislative history in ascertaining the statute's meaning.'" (citation omitted)).

The Court turns to the definitions of "political" and "organization" as the two terms are not defined in conjunction. *See Reynosa*, 101 Cal. App. 5th at 986; s*ee also Wasatch Prop. Mgmt. v. Degrate*, 35 Cal. 4th 1111, 1121–22 (2005) ("When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word."). "Political" is defined as "[o]f, relating to, or involving politics; pertaining to the conduct of government," and "organization" is defined as "[a] group that has formed for a particular purpose." *Black's Law Dictionary* (12th ed. 2024). As defined by Black's Law Dictionary, "political" encompasses all matters related to politics, which includes the matters that Plaintiff is involved with as a "research organization that publishes policy research and trains local elected officials on a variety of political topics, including education reform, workplace freedom, government transparency, and constitutional governance." *Compl.* ¶ 30. The Court finds that its application of the meaning is consistent with the Act. *See, e.g.*, Cal. Lab. Code § 1137(b)(3) (defining "political matters" as "matters *relating* to elections for political

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:25-cv-00271 MWC (SKx) | Date: June 24, 2025 |
| Title  California Policy Center, Inc. v. Lilia Garcia-Brower *et al.* | |

office, political parties, legislation, regulation, and the decision to join or support any political party or political or labor organization" (emphasis added)). As alleged, before the Act went into effect, Plaintiff held mandatory meetings and retreats for all staff, regardless of position, to discuss, among other things:

> [T]opics such as government financing at the state and local level, legislation that has been proposed or enacted at the state and local level, activities of labor unions in California to restrict worker rights, the rights of public sector workers to opt out of paying union dues, political choices involving infrastructure for water and power, compensation and pensions paid to public employees, legislation relating to free speech, policy failures by California political leadership, and policy solutions that would lead to individual liberty and prosperity in California.

*Compl.* ¶ 34. These topics are squarely "political" and relate to Plaintiff's "political tenets and purposes." *See id.* ¶ 8 ("This restriction on CPC's ability to speak to its employees about the very subject matter of the organization's mission violates CPC's right to free speech under the First Amendment."); *id.* ¶ 35 ("The topics discussed during these meetings often include 'political matters' as defined by the Act because they relate to 'legislation, regulation, and the decision to join or support' a public-sector labor union.").

Instead of turning to the dictionary to set forth the ordinary meaning of the term, Plaintiff urges the Court to turn to other sources of California law to understand the ordinary meaning "political organization" within the Act. *Opp.* 2:14–6:6. As noted by Plaintiff, in understanding the intended meaning of a statutory phrase, the Court "may consider use of the same or similar language in other statutes [] because similar words or phrases in statutes in *pari materia* ordinarily will be given the same interpretation." *Wendz v. State Dep't of Educ.*, 93 Cal. App. 5th 607, 633 (2023) (internal quotation marks and citation omitted). "Two statutes are considered to be in *pari materia* when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object." *Lexin v. Superior Court*, 47 Cal. 4th 1050, 1091 (2010) (citation omitted) (cleaned up).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-00271 MWC (SKx)                                           Date: June 24, 2025

Title     California Policy Center, Inc. v. Lilia Garcia-Brower *et al.*

Plaintiff forwards that the Court should consider three areas of California law to understand the meaning of "political organization."  First, Plaintiff points to the definition of "political organization" under the California Revenue and Tax Code:

> [P]arty, committee, association, fund, (including the trust of an individual candidate) or other organization (whether or not incorporated) organized and operated primarily for the purpose of directly or indirectly accepting contributions or making expenditures, or both, for an exempt function.

Cal Rev & Tax Code § 23701r(e)(1).  An "exempt function" is for the "function of influencing or attempting to influence the selection, nomination, election, or appointment of any individual to any federal, state, or local public office."  *Id.* § 23701r(e)(2).  Second, Plaintiff looks to the California Education Code, which states that a "student political organization" may hold meetings on a community college campus so long as it is "affiliated with the official youth division of any political party that is on the ballot of the State of California."  Cal. Ed. Code § 76067.  Third, Plaintiff highlights that the California Code of Judicial Ethics defines "political organization" as "a political party, political action committee, or other group, the principal purpose of which is to further the election or appointment of candidates to nonjudicial office."  CALIFORNIA CODE OF JUDICIAL ETHICS, https://courts.ca.gov/system/files/rules-court/ca_code_judicial_ethics.pdf (last accessed June 21, 2025).  According to Plaintiff, considering these definitions, "political organization" refers to entities with a partisan purpose.  *Opp.* 3:21–23, 4:19–5:10.

Plaintiff misses the mark.  Those areas of California law do not relate to the Act—context matters.  *See, e.g.*, *Neville v. County of Sonoma*, 206 Cal. App. 4th 61, 76 (2012) (holding that Labor Code section 2924 had no bearing on the interpretation of Food and Agricultural Code section 2181 and Business and Professions Code section 12214, because it was not "related to" and did not have "the same purpose or objective" of those statutes); *Wendz*, 93 Cal. App. 5th 607, 626 (noting that it is incumbent to interpret a phrase as it is used within its statutory context).  The Act was animated on the belief that "[n]o worker should be subject to forced indoctrination by their employer on politics, religion, or for exercising their protected rights."  Dkt. # 34-1, Ex. 1 at RJN_p.9[1].  The

---

[1] Defendant's unopposed request for judicial notice is **GRANTED**. The Court may take judicial notice of court filings and other matters of public record not subject to reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00271 MWC (SKx)                                            Date: June 24, 2025

Title        California Policy Center, Inc. v. Lilia Garcia-Brower *et al.*

---

bill "promotes workers' rights, especially those of marginalized communities, by protecting their right to advocate for themselves and opt out of conversations about politics or religion that have nothing to do with their ability to properly execute their job duties." *Id.*, Ex. 3 at RJN_p.35.  The Act is vastly different from the areas of California law that Plaintiff highlights.  While courts may turn to other statutes for guidance to understand the meaning of an undefined term, statutory definitions between differing statutes are not always interchangeable.  *See In re J.G.*, 3 Cal. App. 5th 521, 525 (2016) ("Differing statutes require that care be taken to identify the statute at issue, use the correct statutory term, and apply the definition specific to that statute to avoid confusion as to the nature of the court's finding and its effect.").[2]

Accordingly, in applying the usual, ordinary meaning of "political organization" as understood by this Court to the Act as a whole, Plaintiff lacks standing.  Plaintiff's complaint fails on its face.  Plaintiff's conduct is not proscribed by the Act (nor is it even arguably proscribed) and thus the injury-in-fact requirement is not met.[3]  *See Susan B.*

---

dispute.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of a statute's legislative history).

[2]  Plaintiff contends that it is prohibited from being a political organization as a 501(c)(3) organization.  *Opp.* 5:9–10. For the reasons discussed in Section II (B), whether Plaintiff is a "political organization" under the Internal Revenue Code or the California Revenue and Tax Code is not relevant to the Act.

[3]  Plaintiff highlights that Defendant does not unequivocally state that Plaintiff is a political organization.  *Opp.* 6:7–26; *see Mot.* 8:13–20 (stating that Plaintiff "may constitute a 'political organization,' and the meetings it alleges it wishes to require employees to attend may fall within the political-organization exemption" and that it is "premature to determine whether the exemption applies to any mandatory meetings plaintiff may hold"); *see also Reply* 1:26–2:7 (contending that the exemption is case-specific because "it only applies when the purpose of a meeting is to communicate the employer's political tenets or purposes" and therefore it is "not possible to determine whether the exemption applies categorically to plaintiff").  Although Defendant does not affirmatively argue that Plaintiff is a political organization under the Act, Defendant nonetheless raised the issue of standing to this Court, which has a duty to examine

---

Case 8:25-cv-00271-MWC-SK  Document 40  Filed 06/24/25  Page 11 of 12  Page ID #:462

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-00271 MWC (SKx)                                        Date: June 24, 2025

Title     California Policy Center, Inc. v. Lilia Garcia-Brower *et al.*

*Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (explaining that a plaintiff satisfies the injury-in-fact requirement in a pre-enforcement action where they allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder" (internal quotation marks and citation omitted)). To the extent "other things" are discussed at mandatory meetings and retreats, those issues are speculative at this juncture; therefore, Plaintiff does not establish standing, nor does it present any threat of prosecution. *See Kumar v. Koester*, 131 F.4th 746, 752 (9th Cir. 2025) (to establish injury in fact in a pre-enforcement challenge, a plaintiff must allege "(1) an intention to engage in a course of conduct arguably affected with a constitutional interest, but (2) proscribed by a statute, and [(3)] there exists a credible threat of prosecution thereunder" (citation omitted) (cleaned up)); *Clark v. City of Seattle*, 899 F.3d 802, 813 (9th Cir. 2018) ("[G]eneralized threats of prosecution do not confer constitutional ripeness." (internal citation omitted)); s*ee also Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d 840, 851 (9th Cir. 2007) (clarifying that "[t]he self-censorship door to standing does not open for every plaintiff. The potential plaintiff must have an 'actual or well-founded fear that the law will be enforced *against him or her*.'" (internal citations omitted) (emphasis in original)).

Accordingly, the Court **GRANTS** Defendant's motion to dismiss.

III.    Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). The Court finds no undue delay or prejudice at this juncture, and it is not obvious that Plaintiff's claims will necessarily be futile as Plaintiff could allege additional facts to establish standing. *See Sugasawara v.*

---

jurisdictional issues. *See Berhardt v. Cnty. of L.A.*, 279 F.3d 862, 868 (9th Cir. 2001) ("Federal courts are required *sua sponte* to examine jurisdictional issues such as standing.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  8:25-cv-00271 MWC (SKx)                                    Date: June 24, 2025

Title       California Policy Center, Inc. v. Lilia Garcia-Brower *et al.*

*Ford Motor Co.*, No. 18-CV-06159-LHK, 2019 WL 3945105, at *7 (N.D. Cal. Aug. 21, 2019).  Accordingly, the Court provides Plaintiff leave to amend.

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS WITH LEAVE TO AMEND** Defendant's motion to dismiss.  Because Plaintiff does not have standing to bring a motion for preliminary injunction, the Court lacks jurisdiction to hear it and therefore **VACATES** Plaintiff's motion for preliminary injunction.  *See Trotter v. ExxonMobil Corp.*, No. CV-17-2279 PSG (JCX), 2017 WL 10543648, at *7 (C.D. Cal. Sept. 29, 2017).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |